UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

CHESAPEAKE LIFE INSURANCE COMPANY                      PLAINTIFF

VS.                                                    CIVIL ACTION NO. 3:09-cv-426 TSL-JCS

JESSIE TREVINO AND
CHRISTOPHER FRANKLIN JONES                                  DEFENDANTS

## AGREED FINAL JUDGMENT

This cause having come on for hearing and the Court being fully advised in the premises finds as follows:

1. This is an interpleader action filed by the Plaintiff, Chesapeake Life Insurance Company ("Chesapeake"), arising out of the death of Lesa Lynn Davis a/k/a Lisa Davis ("Davis") on August 2, 2008.

2. At the time of her death Davis was covered under a Chesapeake life insurance policy, number N20070106844 ("the policy"). The policy contains an Additional Insured Rider on the life of Davis in the amount of $25,000. Pursuant to the Additional Insured Rider, Jesse Trevino ("Trevino") is designated as her primary beneficiary and Christopher Franklin Jones ("Jones"), Davis' son, is designated as her contingent beneficiary.

3. As a result of Davis' death, her beneficiary became entitled to Twenty-Five Thousand and 00/100 Dollars ($25,000.00) in life insurance benefits according to the terms and provisions of the policy.

4. Trevino has been arrested, placed in custody, and charged with the murder of Davis.

5. Pursuant to Miss. Code Ann. §91-1-25, a person who "wilfully cause[s] or procure[s] the death of another" is precluded from receiving any life or accidental death benefits payable as a result of the death. *See Gholson v. Smith*, 48 So.2d. 603 (Miss. 1950).

6. Both of the Defendants have been properly served with process and a copy of Chesapeake's Complaint for Interpleader. Defendant Trevino has not answered the Complaint or otherwise entered an appearance in this action. Defendant Jones filed his answer and counterclaim on July 3, 2009.

7. On July 24, 2009, the Clerk made an Entry of Default as to Trevino.

8. On July 27, 2009, Chesapeake filed a Motion for Default Judgment as to Trevino.

9. On July 27, 2009, the Court entered default judgment against Trevino.

10. The two remaining parties, Chesapeake and Jones, have agreed to the dismissal of this action and disbursement of the funds previously deposited into the Registry of the Court, including any interest having accrued thereon, as set forth herein.

11. Chesapeake was a mere stakeholder and was compelled to employ an attorney in connection with the filing and prosecution of this action. Chesapeake necessarily incurred attorney's fees and expenses in excess of $5,100.00 in legal fees and expenses as result of the filing of this action. Jones has agreed that Chesapeake may be reimbursed $4,000.00 of the fees and expenses it has incurred in connection with this action from the proceeds deposited into the Registry of the Court and, further, that it may be dismissed with prejudice.

12. Chesapeake and Jones have agreed that the balance of the proceeds, including any accrued interest, will be disbursed to Jones.

IT IS, THEREFORE, ORDERED AND ADJUDGED:

A. That the sum deposited into the Registry of the Court represents Chesapeake Life Insurance Company's entire liability as a result of the death of Lesa Lynn Davis a/k/a Lisa Davis.

B. That Chesapeake should be, and hereby is, fully and finally discharged from any and all liability of any nature which in any manner pertains to or arises out of the death of Davis.

C. That the counterclaim filed by Jones be, and hereby is, dismissed with prejudice.

D. That the Defendants, their heirs, devisees, legatees, personal representatives, successors, agents, attorneys, and assigns are forever barred from asserting any claims, demands, causes of action or actions against Chesapeake which in any manner pertain to or arise out of the death of Davis.

E. That the Clerk of this Court be, and hereby is, authorized and directed to pay to Chesapeake Life Insurance Company out of the deposit made by Chesapeake into the Registry of this Court the sum of $4,000.00 as reimbursement for fees and expenses it has incurred as a result of the death of Davis. The check should be issued to the "Wells, Marble and Hurst, PLLC Trust Account".

F. That the Clerk of this Court be, and hereby is, authorized and directed to pay the balance of the sum deposited into the Registry of the Court by Chesapeake, including

any interest which has accrued thereon, to "Christopher Franklin Jones and Marc E. Brand, his attorney".

  G. That the above sums shall be mailed to counsel of record for the respective parties.

  H. That this action be, and hereby is, dismissed with prejudice.

SO ORDERED AND ADJUDGED this the 10th day of September, 2009.

           /s/Tom S. Lee
           UNITED STATES DISTRICT JUDGE


AGREED:


 s/Ford Bailey
Attorney for Chesapeake Life Insurance Company


 s/Marc E. Brand
Attorney for Christopher Franklin Jones

***AGREED FINAL JUDGMENT***
*CHESAPEAKE LIFE INSURANCE COMPANY*
*VS. JESSE TREVINO , ET AL.;*
*CIVIL ACTION NO. 3:09cv426-TSL-JCS*

P4124    4